# IN THE COURT OF APPEALS OF IOWA

No. 17-2103
Filed October 9, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KNICOLAS DAVON LEWIS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Susan Christensen, Judge.

        The defendant appeals from his sentence for robbery in the second degree. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

        Mark C. Smith, State Appellate Defender, (until withdrawal) and Brenda J. Gohr (until withdrawal) and Mary K. Conroy, Assistant Appellate Defenders, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

        Considered by Potterfield, P.J., and Doyle and Greer, JJ.

**POTTERFIELD, Presiding Judge.**

Knicolas Lewis appeals from his sentence for robbery in the second degree.[1]  *See* Iowa Code §711.3 (2017).  Lewis, who was seventeen years old at the time of the offense, was sentenced to a term of incarceration not to exceed ten years and ordered to serve a mandatory minimum of three years before becoming eligible for parole.

In challenging his sentence, Lewis maintains the sentencing court's refusal to consider a deferred judgment as a sentencing option constituted an abuse of discretion.[2]  He bases his argument on Iowa Code section 901.5(14), which provides:

> Notwithstanding any provision in section 907.3 or any other provision of law prescribing a mandatory minimum sentence for the offense, if the defendant, other than a child being prosecuted as a youthful offender, is guilty of a public offense other than a class "A" felony, and was under the age of eighteen at the time the offense was committed, the court may suspend the sentence in whole or in part, including any mandatory minimum sentence, or with the consent of the defendant, defer judgment or sentence, and place the defendant on probation upon such conditions as the court may require.

---

[1] Lewis entered a guilty plea for robbery in the second degree, a class "C" felony. Because the judgment and sentence were entered before July 1, 2019, the amended Iowa Code section 814.6(1)(a)(3) (2019) does not  preclude his appeal following his guilty plea.  *See State v. Macke*, ___ N.W.2d ___, ___, 2019 WL 4382985, at *1 (Iowa 2019) ("On our review, we hold Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019.").

[2] Lewis also raises a number of other issues, including claims the sentencing court (1) improperly used the factors outlined in *Miller v. Alabama*, 567 U.S. 460 (2012) and *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014) as aggravating rather than mitigating, (2) failed to use an expert witness to assist in analyzing the factors, (3) improperly considered two risk assessment tools in imposing sentence, and (4) improperly relied upon the investigator's recommendation for sentencing in the presentence investigation report. We note some of these issues have since been decided by our supreme court in *State v. Headley*, 926 N.W.2d 545, 549–52 (Iowa 2019).  Either way, because the first issue is dispositive and requires Lewis's sentence to be vacated, we do not consider his other claims.

At sentencing, Lewis maintained this statute allowed the court to consider entering a deferred judgment even though his crime was a forcible felony. *See* Iowa Code § 907.3. The district court disagreed, stating, "I don't believe you're legally and statutorily allowed to be—to receive a deferred judgment. That is the court's legal analysis. That's not even an option for you."

On appeal, the State concedes that section 901.5(14) modifies section 907.3's prohibition against the entry of deferred judgments for persons convicted of a forcible felony when the person convicted is a juvenile offender. *See id.* § 702.11(1) (defining "forcible felony" to include robbery). Furthermore, the State agrees the proper remedy is allowing Lewis to be resentenced with consideration of all options within the court's discretion.

We agree that section 901.5(14) gave the court discretion to enter a deferred judgment in Lewis's case. Because the court was unaware it could enter a deferred judgment, we vacate Lewis's sentence and remand for resentencing. *See State v. Lee*, 561 N.W.2d 353, 354 (Iowa 1999) ("Where a court fails to exercise the discretion granted it by law because it erroneously believes it has no discretion, a remand for resentencing is required.").

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**